# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7058 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Tucker vs. G4S Justice Services, LLC | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part without prejudice Defendant's motion to dismiss [27]. The Court grants Plaintiff leave to file a Second Amended Complaint in compliance with this order by no later than 3/28/11. The Court denies, as moot, Defendant's motion based on Plaintiff's failure to file a timely response to the instant motion to dismiss [31]. No appearance is required on the 3/16/11 notice date. Status hearing set for 4/26/11 is stricken and reset to 4/19/11 at 8:30 a.m.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

On January 15, 2011, Plaintiff Sarah Tucker filed the present four-count First Amended Complaint against her former employer Defendant G4S Justice Services, L.L.C., alleging gender and race discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff also alleges the common law claim of intentional infliction of emotional distress ("IIED"). *See* 28 U.S.C. § 1367(a). Before the Court is Defendant's motion to dismiss Plaintiff's IIED claim as alleged in Count IV of the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (6). For the following reasons, the Court grants in part and denies in part without prejudice Defendant's motion. The Court also grants Plaintiff leave to file a Second Amended Complaint in compliance with this order by no later than March 28, 2011. The Court denies, as moot, Defendant's motion based on Plaintiff's failure to file a timely response to the instant motion to dismiss.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). If a defendant is challenging the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital*, 572 F.3d at 443-44; *United Phosphorus*, 322 F.3d at 926. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital*, 572 F.3d at 444.

## BACKGROUND

In her First Amended Complaint, Plaintiff alleges that she is black and female and has had 15 years of corrections experience as both a front-line supervision specialist and as a supervisor. (R. 22, First Am. Compl. ¶¶ 11, 12, 15.) Plaintiff also alleges that Defendant performed services on a contract basis for the United States Department of Homeland Security and that Defendant employed her as a supervision specialist on November 25, 2007. (*Id*. ¶¶ 10, 13.) In September 2008, a supervisory position became open and Plaintiff applied for it, but Defendant promoted another individual to the supervisory position. (*Id*. ¶¶ 16, 17.) Plaintiff applied for another supervisory position in November 2008, but Defendant denied her that promotion, as well. (*Id*. ¶¶ 22, 23.)

On January 22, 2009, Plaintiff filed her first charge with the EEOC regarding her failure to promote claims, and in February 2009, Defendant terminated her employment. (*Id*. ¶¶ 22-25.) Thereafter, Plaintiff filed a second charge of discrimination with the EEOC on February 20, 2009 alleging retaliation based on her termination. (*Id*. ¶ 26.) In addition to her Title VII claims, Plaintiff also alleges that she has and continues to suffer from severe and permanent emotional stress and anguish that Defendant proximately caused. (*Id*. ¶ 27.) Specifically, in Count IV of the First Amended Complaint, Plaintiff alleges that Defendant's intentional acts were extreme and outrageous, beyond the bounds of decency, and that Defendant acted willfully and maliciously. (*Id*., Count IV, ¶ 4.)

## ANALYSIS

In its motion to dismiss, Defendant argues that Plaintiff's IIED claim is subject to dismissal because Plaintiff has failed to allege sufficient facts under the federal notice pleading standards. Defendant also argues that Plaintiff's IIED claim is subject to preemption by the Illinois Human Rights Act ("IHRA") because it is "inextricably linked" to her discrimination claims. Defendant also argues the Illinois Worker's Compensation

Act ("IWCA") preempts Plaintiff's IIED claim. Under its last two arguments, Defendant maintains that the Court does not have subject matter jurisdiction over Plaintiff's IIED claim. The Court addresses Defendant's arguments in turn.

To establish an IIED claim under Illinois law, a plaintiff must show that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen-El v. Cook County Sheriff's Office,* 602 F.3d 852, 864 (7th Cir. 2010) (citing *Kolegas v. Heftel Broad. Corp.,* 154 Ill.2d 1, 22, 180 Ill.Dec. 307, 607 N.E.2d 201, 211 (Ill. 1992)). "To meet the 'extreme and outrageous' standard, the defendants' conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* (quoting *Kolegas,* 154 Ill.2d at 21); *see also Fox v. Hayes,* 600 F.3d 819, 842 (7th Cir. 2010). As the Supreme Court of Illinois explains: "Although fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term emotional distress, these mental conditions alone are not actionable. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 90, 4 Ill.Dec. 652, 360 N.E.2d 765 (Ill. 1976) (internal quotation marks omitted).

Here, viewing the allegations and all reasonable inferences in Plaintiff's favor, she has failed to sufficiently allege her IIED claim because she does not articulate how Defendant's conduct was extreme and outrageous putting Defendant on notice of her claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. Likewise, Plaintiff has not described how Defendant knew that there was a high probability that its conduct would cause severe emotional distress. Finally, Plaintiff fails to plead any details that she suffers from a mental or emotional infirmity. Thus, Plaintiff's allegations, as they stand, do not state enough facts showing her claims is plausible on its face. *See Iqbal*, 129 S.Ct. at 1949.

Next, Defendant argues that the IHRA preempts Plaintiff's IIED claim. *See* 775 ILCS 5/8-111(C). To clarify, the IHRA preempts tort claims which are "inextricably linked" to harassment or hostile work environment allegations requiring that such claims be brought before the Illinois Human Rights Commission. *See Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 902, 905 (7th Cir. 2002) (per curiam). As the Seventh Circuit teaches "'discrimination and intentional infliction of emotional distress are different wrongs,' and so torts that do not depend on a civil rights violation are not preempted." *Naeem v. McKesson Drug Co.,* 444 F.3d 593, 604 (7th Cir. 2006) (citation omitted). Therefore, the IHRA preempts an IIED claim only when the core of a plaintiff's theory is that the plaintiff has been subjected to unlawful harassment. *See id.*; *Smith v. Chicago Sch. Reform Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999).

Here, Plaintiff alleges a hostile work environment claim based on her race. (First Am. Compl., Count II ¶ 41.) Plaintiff, however, has failed to allege sufficient facts for the Court to determine whether her IIED claim is "inextricably linked" to her harassment claim. In other words, the allegations in the First Amended Complaint do not provide the Court with enough information to determine whether the core of Plaintiff's IIED claim is that Defendant subjected her to unlawful harassment. Therefore, the Court cannot determine whether the IHRA preempts Plaintiff's IIED claim at this juncture, and therefore, denies Defendant's Rule 12(b)(1) motion to dismiss without prejudice in this regard.

Finally, Defendant argues that the IWCA preempts Plaintiff's IIED claim. *See McPherson v. City of Waukegan,* 379 F.3d 430, 442-43 (7th Cir. 2004). "The IWCA is an employee's exclusive remedy for 'accidental' injuries arising out of and in the course of employment" and "intentional torts committed by co-employees are ... considered 'accidental' for the purposes of the IWCA." *Id.* at 442; *see also Meerbrey v. Marshall Field & Co., Inc.,* 139 Ill.2d 455, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1227 (1990). "One way an employee can avoid preemption is by showing that his or her injuries were not 'accidental'" through establishing

that Defendant itself "'committed, commanded, or expressly authorized' the torts against her." *McPherson,* 379 F.3d at 442-43; *see also Hunt-Golliday v. Metropolitan Water Reclamation Dist.,* 104 F.3d 1004, 1017 (7th Cir. 1997) ("The Act's exclusivity provisions bar employees from bringing common law actions against their employers based solely upon the respondeat superior doctrine.").

Again, based on the allegations in the First Amended Complaint, Defendant's argument under the IWCA is premature. In fact, from the pleadings, Plaintiff did not allege respondeat superior as a basis for liability. As such, the Court denies Defendant's motion to dismiss without prejudice on this basis. *See Thomas v. Habitat Co.*, 213 F.Supp.2d 887, 893 (N.D. Ill. 2002).